ALLEN, Judge.
This is an interlocutory appeal from an order of the lower court granting defendant’s motion to dismiss with leave to amend the complaint. The appellant was the plaintiff below and the appellees were the defendants.
The plaintiff, City of Webster, filed its complaint on June 4, 1958, alleging that it levied assessments for city taxes for the years 1950-1956 on the property in question; that these taxes remain unpaid, and that the city seeks to foreclose tax liens on this property together with “interest thereon at the rate of eight per cent (8%) from the date” the taxes became delinquent. The plaintiff bases its action on the procedure set forth in Chapter 173, Florida Statutes, F.S.A. On July 7, 1958, the defendants filed a motion to dismiss on the grounds that the complaint did not state a cause of action; that the interest rate sought was not the legal rate of interest, and lastly that Chapter 173 does not allow taxes to be foreclosed unless they have been in arrears for two years.
The trial court, on July 11, 1958, granted defendants’ motion by an order dismissing the complaint with leave to amend. From this order the plaintiff appeals.
The appellant states the question as follows:
“Whether or not the Bill of Complaint filed by the Plaintiff was sufficient under the provision of Chapter 173, Florida Statutes to state a cause of action.”
No brief was filed by the appellees.
This court is in the unfortunate position of not being able to determine the question above stated by failure to have included in the appendix the exhibits to the complaint. The complaint seems to be well prepared, being the usual type used to foreclose tax liens under Chapter 173, Fla.Stat., F.S.A., which authorizes foreclosure in the nature of proceedings in rem against the lands without the necessity of alleging the owner or ownership of the property in question. The bill of complaint, among other things, alleges that the plaintiff levied and assessed *296 taxes for the years 1950 through 1956, respectively, and that the taxes so levied against said lands and premises have not been paid as described and set out in Exhibits “A-l to A-24”, inclusive, attached to and made a part of the complaint. The exhibits, however, above described were not included in the appendix and in the absence of the said exhibits, this court cannot pass on the validity vel non of the court’s order.
Wherefore, the order of the lower court must necessarily be affirmed.
KANNER, C. J., and SHANNON, J., concur.