We granted certiorari in this case because our decision inBranch v. State, 526 So.2d 609 (Ala. 1987) leaves unanswered the question of whether all cases raising a Batson v. Kentucky,476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), issue must be remanded for a hearing under the procedure formulated inBranch. We agree with the dissenting opinion of Judge Bowen that the answer is in the negative and that whether such a hearing must be held must be decided on a case-by-case basis.
In this case, the record indicates that the trial judge understood, as well as anyone does, the teachings ofBatson. He conducted a hearing, and the prosecutor articulated his reasons for exercising his peremptory strikes to exclude the four blacks on the venire. He stated that he thought that the first was slow in responding to questions put to the venire, and he questioned her ability to understand the State's case against the defendant, which involved complex issues. The trial judge indicated that he, too, noticed these characteristics in this person. The second was struck, according to the explanation offered by the prosecutor, because she was approximately the same age as the defendant and was similar to her in appearance and background. These characteristics gave the prosecutor a reasonable basis for intuitively concluding that this prospective juror might be sympathetic to the defendant. The third juror stricken had a prior arrest record and had had "involvement with the *Page 1075 
law," and the final person eliminated had the same employer as the defendant and worked with a person who was scheduled to be a witness for the State.
The prosecutor explained that the facts led him to doubt whether these jurors would be fair to the State. Defense counsel noted the association of the juror with the State's witness (the fourth strike) which seemed to him to indicate that the juror would be more inclined to favor the State's position. The prosecutor responded that he was uncertain how her association with the State's witness would affect the juror.
In Batson the Supreme Court did not eliminate peremptory strikes altogether. It simply said that such strikes must not be used to discriminate on a racial basis. We appreciate that it is impossible to know what is in the mind of another person, and that it is possible that, in stating his reasons for striking a black member of the venire, a prosecutor may give a reason that is not the true reason, but we are convinced that the trial judges in our system are in a much better position than appellate judges to decide whether the truth has been stated.
In this case, the reasons given by the prosecutor for using his strikes to eliminate these four people were facially race neutral. The trial judge found them to be credible. No more is required under Batson, and the procedure adopted by the trial court, although this case was tried before Branch was decided, comports with the criteria established in Branch.
We hold that Branch does not require a new hearing in all cases where a Batson issue was preserved. Where the trial court, as it did in this case, complies with the Batson
mandate, a second hearing is not required by Branch. Ex ParteShelton, 521 So.2d 1038 (Ala. 1988).
The judgment of the Court of Criminal Appeals,539 So.2d 1069, is reversed and the cause remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and ALMON, BEATTY, HOUSTON and STEAGALL, JJ., concur.
MADDOX, JONES and ADAMS, JJ., dissent.