548 So.2d 509 (1988)
Gates PRITCHETT, Jr.
v.
STATE.
6 Div. 392.
Court of Criminal Appeals of Alabama.
February 18, 1988.
On Return to Remand November 10, 1988.
Rehearing Denied April 28, 1989.
Certiorari Denied June 23, 1989.
Virginia Vinson and J. Louis Wilkinson, Birmingham, for appellant.
Don Siegelman, Atty. Gen., and Beth Poe, Asst. Atty. Gen., for appellee.
Alabama Supreme Court 88-1047.
McMILLAN, Judge.
In accordance with the Alabama Supreme Court decision in Ex parte Branch, 526 So.2d 609, modified on rehearing, [Ms. 86-500, Dec. 4, 1987] (Ala.1987), this cause is remanded to the trial court to conduct proceedings consistent with the guidelines adopted in the Branch opinion. The trial court is instructed to file findings of facts and conclusions with this Court within a reasonable time after the entry of this remand.
REMANDED WITH INSTRUCTIONS.
All the Judges concur.

ON RETURN TO REMAND
McMILLAN, Judge.
This cause was remanded to the trial court to conduct proceedings consistent with the guidelines adopted in Ex parte Branch, 526 So.2d 609 (Ala.1987), after remand, 526 So.2d 634 (Ala.Cr.App.1988). In his order, the trial judge notes that he has reviewed the trial transcript and further discussed any other information that the attorneys had as to reasons for the peremptory challenges. The trial court maintains its finding that the State made no impermissible *510 exclusion by its peremptory challenges and, further, that the challenges were exercised on a race-neutral basis. The trial court noted that, although the trial transpired prior to the decision in Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), the court made observations concerning the voir dire in the jury selection process, and observed the demeanor of the jurors and the manner in which they responded to questions and the appearance of each individual juror. The court also indicated that the prosecution exercised three of its seven peremptory challenges against black jurors, two being black females and one being a black male. He found no pattern in the order of those strikes. The trial court concluded that there was no purposeful discrimination and that the reasons given by the prosecutor were race-neutral.
In explaining her strikes and striking pattern, the prosecutor indicated that she did not like single individuals, especially young single females, to serve on the jury. She stated that, while two of her strikes were against young single black women, she also struck single white females. Further, one of the black females worked for the V.A. Hospital and the other worked for a health care organization. She indicated that she associated both of these females with the nursing profession. She stated that her third strike against blacks was against an unmarried black male who she felt would "be more sympathetic to the defendant."
The prosecutor properly established raceneutral reasons for her strikes. Although the defense counsel argued that the prosecutor's reason for striking the single black male was "no more than saying he is black," the Alabama Supreme Court has recently found a reason similar to the one given to be sufficient. Scales v. State, 539 So.2d 1074 (Ala.1988). In Scales, a juror was struck "because she was approximately the same age as the defendant and was similar to her in appearance and background." The Court held that "[t]hese characteristics gave the prosecutor a reasonable basis for intuitively concluding that this prospective juror might be sympathetic to the defendant." Id. at 1075. The Court further stated in Scales:
"In Batson the Supreme Court did not eliminate peremptory strikes altogether. It simply said that such strikes must not be used to discriminate on a racial basis. We appreciate that it is impossible to know what is in the mind of another person, and that it is possible that, in stating his reasons for striking a black member of the venire, a prosecutor may give a reason that is not the true reason, but we are convinced that the trial judges in our system are in a much better position than appellate judges to decide whether the truth has been stated.
"In this case, the reasons given by the prosecutor for using his strikes to eliminate these four people were facially race neutral. The trial judge found them to credible. No more is required under Batson...."
Pursuant to the Alabama Supreme Court holding in Scales v. State, supra, we find that the prosecutor gave sufficient raceneutral reasons for her strikes.
OPINION EXTENDED; AFFIRMED.
All Judges concur.