549 So.2d 105 (1987)
Joe HENDERSON
v.
STATE.
5 Div. 32.
Court of Criminal Appeals of Alabama.
June 9, 1987.
On Return to Remand May 26, 1989.
Rehearing Denied July 21, 1989.
Certiorari Denied September 22, 1989.
*106 Jim L. DeBardelaben of McPhillips, DeBardelaben & Hawthorne, Montgomery, for appellant.
Charles A. Graddick, Atty. Gen., and Beth Slate Poe and William D. Little, Asst. Attys. Gen., for appellee.
Alabama Supreme Court 88-1420.
McMILLAN, Judge.
The appellant, Joe Henderson, was found guilty of murder committed during the course of a robbery in the first degree, in violation of § 13A-5-40(a)(2), Code of Alabama (1975). Following the jury's recommendation that the appellant be punished by death, the trial court imposed the death sentence.
The record indicates that there were 10 potential black jury members, all of whom were struck by the State. The appellant argues that in striking all of the potential blacks from the jury, the State violated his rights to equal protection. Prior to the striking of the jury, the appellant filed an "Amendment to Motion to Quash Jury Panel," alleging that "there are now only 10 black potential jurors" and "that the State of Alabama will certainly strike the said 10 jurors." This motion to quash was also made orally prior to the voir dire. The appellant also stated in his "Motion to Quash the Jury Venire" that he is black and that the victim of the alleged crime is white.
This court has recently decided a case which involved the imposition of the death penalty and in which the appellant also alleged that blacks were systematically excluded from the jury by the State. Edwards v. State, 515 So.2d 86 (Ala.Cr. App.1987). As in Edwards, the instant trial took place prior to the United States Supreme Court decision in Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). This court stated:
"Since Batson had not been announced by the United States Supreme Court, defense counsel did not have the benefit of the procedural instructions set out in Batson. We should not decide this case based on whether the lawyers complied with Batson procedure, but should consider whether the court was placed on notice that [the appellant] alleged a systematic exclusion of members of his race. He certainly did. Since Batson, the procedural requirements have been clarified."
Edwards v. State, supra, at 95. See also Ex parte Jackson, 516 So.2d 768 (Ala. 1986).
This court further held that "[e]ven if it be held that the objections ... were untimely, this issue may yet be lawfully before us because of the plain error rule." Edwards v. State, supra, at 96. According to Rule 45A, Alabama Rules of Appellate Procedure:
"In all cases in which the death penalty has been imposed, the Court of Criminal Appeals shall notice any plain error or defect in the proceedings under review, whether or not brought to the attention of the trial court, and take appropriate appellate action by reason thereof, whenever such error has or probably has adversely affected the substantial right of the appellant."
The procedure for establishing a prima facie case of purposeful discrimination under Batson is as follows:
"[T]he defendant first must show that he is a member of a cognizable racial group, [citation omitted] and that the prosecutor has exercised peremptory challenges to remove from the venire members of the defendant's race. Second, the defendant is entitled to rely on the fact, as to which there can be no dispute, that peremptory challenges constitute a jury selection *107 practice that permits `those to discriminate who are of a mind to discriminate.' [Citation omitted.] Finally, the defendant must show that these facts and any other relevant circumstances raise an inference that the prosecutor used that practice to exclude the veniremen from the petit jury on account of their race. This combination of factors in the empanelling of the petit jury, as in the selection of the venire, raises the necessary inference of purposeful discrimination."
Batson v. Kentucky, 476 U.S. at 96, 106 S.Ct. at 1723.
If the trial court determines that the defendant has established a prima facie case of discrimination, then the burden shifts to the prosecution to come forward with race-neutral explanations for striking black jurors. Id. "[T]he prosecutor must give a `clear and reasonably specific' explanation of his `legitimate reasons' for exercising the challenges." Batson v. Kentucky, 476 U.S. at 98 n. 20, 106 S.Ct. at 1724 n. 20 (quoting Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 258, 101 S.Ct. 1089, 1096, 67 L.Ed.2d 207 (1981)).
"[T]he prosecutor may not rebut the defendant's prima facie case of discrimination by stating merely that he challenged jurors of the defendant's race on the assumptionor his intuitive judgment that they would be partial to the defendant because of their shared race.... Nor may the prosecutor rebut the defendant's case merely by denying that he had a discriminatory motive or `affirming his good faith in individual selections.'... The prosecutor therefore must articulate a neutral explanation related to the particular case to be tried."
Batson v. Kentucky, 476 U.S. at 97-98, 106 S.Ct. at 1723.
Thereafter, if the prosecutor is unable to come forward with race-neutral explanations for his use of peremptory strikes, and the trial court determines that the facts establish a prima facie case of purposeful discrimination, then the appellant is entitled to a new trial. Ex parte Owens, 531 So.2d 21 (Ala. 1987).
Apart from the Batson issue, the record in this case does not contain a pre-sentence investigation report. Therefore, if a new trial is not required under Batson, the trial court shall:
1) Order and receive a pre-sentence investigation report as required by § 13A-5-47(b), Code of Alabama (1975);
2) permit the parties to respond to the pre-sentence investigation report and present evidence to the trial court as to any part of the report which is the subject of factual dispute, as required by § 13A-5-47(b);
3) permit the parties to present arguments to the trial court concerning the existence of aggravating and mitigating circumstances and the proper sentence to be imposed in the case, as required by § 13A-5-47(c);
4) enter specific findings concerning the existence or non-existence of the statutory aggravating circumstances and the statutory and any non-statutory mitigating circumstances, as well as written findings of fact summarizing the crime and the defendant's participation in it, all of which are to be based on the evidence presented at trial, the evidence presented during the sentence hearing, and the pre-sentence investigation report and any evidence submitted in connection with it, as required by § 13A-5-47(d); and
5) make the pre-sentence report and all proceedings enumerated part of the record to be returned to this Court.
It is ordered that if a new trial is required pursuant to Batson, the circuit court shall so inform this court. It is further ordered that if such a new trial is not required, then, following the completion of steps 1-5 regarding sentencing set out above, the circuit court shall make a return to this court with a full record of all the proceedings conducted on remand.
REMANDED WITH INSTRUCTIONS.
All the Judges concur.

ON RETURN TO REMAND
McMILLAN, Judge.
This cause was remanded to the trial court in order for a hearing to be conducted *108 pursuant to Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The trial court found the existence of a prima facie case of purposeful discrimination. There were ten potential black jurors and the prosecutor struck all ten. Therefore, the prosecutor was ordered to come forward with reasons for these strikes. The trial court found that no sufficient race-neutral explanation was given for striking two of the potential black jurors. One was struck because of a "gut reaction" and because the potential juror had been marked unfavorably by an assistant district attorney, but no reason was given for the unfavorable indication. The other black veniremember was struck because the assistant district attorney had also marked her unfavorably, but he could not give a reason for the unfavorable mark.
These reasons were not sufficient to overcome the presumption of discrimination. Ex parte Branch, 526 So.2d 609, 623 (Ala.1987). The trial courts are in a better position than appellate courts to determine the veracity and validity of the reasons given by the prosecutors. Ex parte Scales, 539 So.2d 1074 (Ala.1988). We find no error in the trial court's determination that the appellant met his burden in proving a prima facie case of purposeful discrimination and that the prosecutor then failed, as to two black potential jurors, to come forward with sufficient race-neutral explanations for the strikes. Therefore, the trial court's findings are proper, and this cause is reversed and remanded for a new trial.
REVERSED AND REMANDED.
All Judges concur.