682 So.2d 493 (1996)
Ex parte Jerry Lamar WEAVER.
(In re Jerry Lamar WEAVER v. STATE).
1951331.
Supreme Court of Alabama.
September 13, 1996.
C. Robert Montgomery, Chatom, for Petitioner.
No brief filed for Respondent.
Prior report: Ala.Cr.App., 682 So.2d 488.
BUTTS, Justice.
WRIT DENIED. NO OPINION.
HOOPER, C.J., and ALMON and INGRAM, JJ., concur.
HOUSTON, J., concurs specially, with opinion.
HOUSTON, Justice (concurring specially).
I believe in all parties' right to the peremptory challenge, and I have struggled to try to preserve that right and comply with Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The United States Supreme Court in Purkett v. Elem, ___ U.S. ___, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995), encouraged me in my hope that the peremptory challenge would survive. However, the majority of this Court refuses to allow Purkett v. Elem to control Alabama's peremptory challenge procedure. Ex parte Bruner, 681 So.2d 173 (Ala.1996). I do not see how the peremptory challenge can permanently endure with litigants having the right to peremptorily challenge some jurors but not other jurors. Do all potential jurors not have an equal right to serve as jurors regardless of race or gender?