WELCH, Judge,
concurring specially.
I concur fully with the main opinion. I write to address Johnson’s belief that, in the context of a Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 *16 (1986), the racial-neutrality of a proponent’s peremptory strike must be disclosed during voir dire. In several instances, Johnson rebutted the State’s alleged race-neutral explanation for a challenged strike by arguing that the voir dire did not support the State’s explanation, i.e., “[the State] should have elicited that in the voir dire”; “[the State] should have brought the sheriff on to testify ... [i]t is not in the record in this voir dire”; and “nothing was brought out in the voir dire about [K.N.].” (R. 111-122.)
The Alabama appellate courts’ scrutiny of a proponent’s explanation for a peremptory strike has changed over the years. The appellate courts’ review of the State’s explanations was, in the early years after Batson was decided, relaxed. See Ex parte Jackson, 516 So.2d 768, 772-73 (Ala.1986) (noting that strike is race-neutral “ ‘[i]f the party shows that the challenges were based on the particular case on trial, the parties or witnesses, or characteristics of the challenged persons other than race ’ ” (emphasis added) (quoting State v. Neil, 457 So.2d 481, 487 (Fla.1984)), but also noting that “[n]o merely whimsical or fanciful reason will suffice as an adequate explanation [for a peremptory strike]”); Scales v. State, 539 So.2d 1074, 1075 (Ala.1988) (“[T]he reasons given by the prosecutor for using his strikes ... were facially race neutral. The trial judge found them to be credible. No more is required under Batson.”); Stephens v. State, 580 So.2d 11, 20 (Ala.Crim.App.1990) (“ ‘ “[T]he vagarious process of choosing jurors need not be controlled by a simple equation; it may be influenced by intuitive assumptions that are not fatally suspect merely because they are not quantifiable ... and by the interplay of various factors.” ’ ” (quoting other cases)); Smith v. State, 590 So.2d 388, 390 (Ala.Crim.App.1991) (“A trial court’s Batson findings largely turn on an evaluation of credibility. A prosecutor may strike from mistake, as long as the assumptions involved are based on an honest belief and are racially neutral.”); Jones v. State, 611 So.2d 466, 468, 470 (Ala.Crim.App.1992) (upholding as race-neutral prosecution’s peremptory strike on the “ground that the sheriffs department had had ‘drug problems’ with that person and reasoning that, ‘[h]ere, there was more than the “mere suspicion” of relationship’ ”). But see, Ex parte Branch, 526 So.2d 609, 624 (Ala.1987) (“[Tjrial judge must make a sincere and reasonable effort to evaluate the evidence and explanations based on the circumstances as he knows them, his knowledge of trial techniques, and his observation of the manner in which the prosecutor examined the venire and the challenged jurors” and “[t]he trial judge cannot merely accept the specific reasons given by the prosecutor at face value ... the judge must consider whether the facially neutral explanations are contrived to avoid admitting acts of group discrimination.” (citing People v. Hall, 35 Cal.3d 161, 168, 672 P.2d 854, 858-59, 197 Cal.Rptr. 71, 75 (1983), and Slappy v. State, 503 So.2d 350, 356 (Fla.Dist.Ct.App.1987))); Ex parte Bird 594 So.2d 676, 679, 683 (Ala.1991) (prosecutor’s “ ‘gut feeling’ about a veniremember,” without more, will not successfully rebut a prima facie showing of discrimination, nor will a “prosecutor’s self-imposed ignorance preclude a Batson claim”).
On May 15, 1992, the Alabama Supreme Court released Ex parte Thomas 601 So.2d 56 (Ala.1992). Quoting Ex parte Bird, 594 So.2d at 679, the Thomas Court stated that the State has “ ‘the burden of articulating a clear, specific, and legitimate reason for the challenge that relates to the particular case to be tried and that is nondiscriminatory.’” Ex parte Thomas, 601 So.2d at 58. “Furthermore,” the Thomas Court continued, citing Branch,
*17 “[t]he trial court cannot merely accept the specific reasons given by the prosecutor at face value. [Ex parte Branch, 526 So.2d at 624.] Rather, the court must consider whether the facially neutral explanations are contrived to avoid admitting acts of group discrimination. Id.”
Ex parte Thomas, 601 So.2d at 58 (emphasis added).
The Thomas Court explained: “Extremely significant in this case, and at the heart of the reason this case must be reversed, is the trial court’s accepting at face value the State’s ostensibly facially neutral explanations for the use of its peremptory challenges, which were, with regard to three of the black veniremembers who were struck, based exclusively on information contained in the document to which only the State had access.” Ex parte Thomas, 601 So.2d at 58-59 (emphasis added). Later cases did not consider the context of Thomas decision, but cited Thomas as authority requiring that a peremptory strike be supported by objective facts contained in the record. See Bush v. State, 615 So.2d 187, 140 (Ala.Crim.App.1992) (citing Thomas, 601 So.2d at 58, for the proposition that “ ‘[t]he trial court cannot merely accept the specific reasons given by the prosecutor at face value’” and holding that “[t]he reasons for the prosecution’s strikes must be supported by the record. Unsupported allegations are not sufficient to prove that strikes were made for race-neutral reasons.”); Walker v. State, 611 So.2d 1133, 1140 (Ala.Crim.App.1992) (“A prosecutor cannot simply presume, without further questioning to ‘dispel any doubt,’ that a veniremember, who is under oath, did not answer a question truthfully merely because the prosecutor has hearsay evidence to the contrary,” and cases cited therein, i.e., Guthrie v. State, 598 So.2d 1013 (Ala.Crim.App.1991), Harrell v. State, 571 So.2d 1270, 1272 (Ala.1990), Jackson v. State, 557 So.2d 855, 856 (Ala.Crim.App.1990), Avery v. State, 545 So.2d 123, 127 (Ala.Crim.App.1988), Floyd v. State, 539 So.2d 357, 362 (Ala.Crim.App.1987)). See also Williams v. State, 620 So.2d 82, 85 (Ala.Crim.App.1992) (“[T]he reason given for striking prospective juror ... [was] not a sufficient ground for a strike, and so [was] not considered to be a race neutral reason” because this information was “ ‘based exclusively on information not in any way verifiable on the record before us.’ ”). Compare, Ex parte McNair, 653 So.2d 353, 357 (Ala.1994) (“[W]e refuse to extend the holding in Thomas to require a prosecutor, in every case where a Batson objection has been made, to provide an evidentiary foundation for each peremptory strike used against a black member of the venire (e.g., testimony from victims, police officers, or any other individual who may have supplied information about a member of the venire that the prosecutor believes in good faith to be true).”).
In 1995 the United States Supreme Court issued Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995). Purkett lessened the State’s burden to prove that peremptory strikes were race-neutral. Purkett held that a race-neutral explanation “does not demand an explanation that is persuasive, or even plausible .... ‘[T]he issue is the facial validity of the prosecutor’s explanation. Unless a discriminatory intent is inherent in the prosecutor’s explanation, the reason offered will be deemed race neutral.’ ” 514 U.S. at 768, 115 S.Ct. 1769. Purkett was not embraced by the Alabama Supreme Court. See Ex parte Bruner, 681 So.2d 173 (Ala.1996) (writ of certiorari quashed as improvidently granted, but Justice Cook, concurring specially, wrote that Purkett was inappropriate as “a retreat from the standard declared in Bat *18 son”); Bishop v. State, 690 So.2d 502, 504 (Ala.Crim.App.1996) (“[T]he Alabama Supreme Court has recently emphasized that the rule in Alabama differs substantially from the rule set out in Purkett,” citing Ex parte Bruner, supra); Ex parte Weaver, 682 So.2d 493, 493 (Ala.1996) (Houston, J., concurring specially) (noting that “the majority of this Court refuses to allow Purk-ett v. Elem to control Alabama’s peremptory challenge procedure” and citing Ex parte Bruner, supra); Looney v. Davis, 721 So.2d 152, 164, n. 3. (Ala.1998) (“[R]e-garding the scrutiny that a trial court is to apply to reasons offered by a proponent of a peremptory strike, we adhere to the Alabama standard declared in Ex parte Branch.”); Smith v. Jackson, 770 So.2d 1068, 1073-74 (Ala.2000) (State’s strike “was based on ‘intuitive judgment or suspicion’ and did not constitute a legitimate, race-neutral reason for the peremptory strike”). Compare, Ex parte Drinkard, 111 So.2d 295, 306 (Ala.2000) (noting that in reviewing a Batson challenge ‘“[t]he trial judge cannot merely accept the specific reasons given by the prosecutor at face value; the judge must consider whether the racially neutral explanations are contrived to avoid admitting acts of group discrimination’ ”; nevertheless, that Court affirmed the judgment of the trial court, finding its ruling not to be clearly erroneous); Smith v. State, 838 So.2d 413, 436 (Ala.Crim.App.2002) (“[T]he prosecutor came forward with a facially neutral explanation for striking [the] potential jurors.” “ ‘ “ ‘[A] finding is “clearly erroneous” when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed.’ ” ’ ” (quoting other cases)).
In Tomlin v. State, 909 So.2d 213, 247 (Ala.Crim.App.2002), this court’s mention of Purkett suggested that Alabama has not closed the door on its application. See Tomlin v. State, 909 So.2d at 247 (“There is no evidence indicating that the trial court abused its substantial discretion in denying the Batson motion. Moreover, applying the federal law announced in Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995), we can find no Batson violation.”), rev’d on other grounds, Ex parte Tomlin, 909 So.2d 283 (Ala.2003). Then in 2009 this Court released Smith v. State, [Ms. CR-97-1258, January 16, 2009] — So.3d —, — (Ala.Crim.App.2009) (opinion on return to fourth remand), wherein the Batson challenge was reviewed pursuant Purkett. Citing Purkett, we stated that the State’s explanation does not have to be
“persuasive, or even plausible.... ‘[T]he issue is the facial validity of the prosecutor’s explanation. Unless a discriminatory intent is inherent in the prosecutor’s explanation, the reason offered will be deemed race neutral.’ ... Purkett v. Elem, 514 U.S. 765, 767-68 ... (1995). ‘A “legitimate reason” is not a reason that makes sense, but a reason that does not deny equal protection.’ 514 U.S. at 769.”
— So.3d —.
Therefore, the latest statement of the law regarding a Batson challenge provides that, to suffice, an explanation for a peremptory strike need only lack inherent discriminatory intent. There is no requirement that the voir dire must establish the racial-neutrality of a peremptory strike. Therefore, Johnson’s sole reliance on the voir dire to show that the State struck potential jurors in a racially discriminatory manner is misplaced.