# Washington *v.* The State.

*Indictment for Murder.*

1. *What the record must show.*—When it becomes necessary, in the progress of a trial for a felony, for the court to make an order touching the matter of the trial, the order itself must appear of record, and must conform to the requirements of the law.

2. *What the record need not show; presumption in favor of court and officers.*—Many things, however, occur in the trial of such cases, which require affirmative action on the part of the court or some ministerial officer, but are not required to appear of record; and, as to those mat-.

ters in the absence of objection in the court below, the record being silent, it will be presumed that the court and officers did their duty.

3. *Same; completing panel in capital case.*—When the record shows, that a sufficient number to constitute the special panel of thirty-six jurors, required in capital cases under the statute providing for the organization of juries in Greene and other counties (Acts, 1884-5, p. 181), did not appear, and also discloses that the panel of thirty-six was organized, it is not necessary that the record shall further show that the additional jurors to complete the panel were drawn in the manner the statute provides.

WRIT OF ERROR to the Circuit Court of Greene County.
Tried before the Hon. S. H. SPROTT.

Amos Washington was tried, October 29, 1886, on an indictment for murder, convicted and sentenced to be hung on December 17, 1886. The case comes to this court on writ of error. The errors alleged in the petition for the writ are :

1. "The record fails to show, that the panel of thirty-six jurors was lawfully organized by the court. The record affirmatively shows, that only thirty men were originally drawn and summoned, as jurors for the week ; that four of those failed to attend, and one was excused, leaving only twenty-five, and the court was therefore required to draw in the mode prescribed by the statute eleven others from the jury box, to complete the panel of thirty-six.—Acts, 1884-5, page 181. Compliance with the law should affirmatively appear of record. The record merely shows, that the court organized a panel of thirty-six, without showing that the eleven necessary to complete the panel were drawn as the law requires.

2. The record fails to show that the jurors were sworn when impanelled, as required by section 4765 of the Code.

3. The judgment entry itself does not show that the jurors who tried the case, were sworn according to law. It merely shows they were *impanelled* according to law and rendered their verdict *on their oaths.*

4. The record shows that the court tried the defendant on his plea of insanity or idiocy at the time of the commission of the offense, by a separate trial from that on the plea of "not guilty" ; and then put him to trial, afterwards, before the same jury, on a plea of "not guilty."

J. B. HEAD and E. MORGAN, for defendant.

T. N. McCLELLAN, Attorney-General, for the State.

STONE, C. J.—The questions arising in this case all grow out of the organization of the petit jury, which ren-

dered the verdict of guilty, on which the sentence of death
was pronounced. The trial took place in Greene, one of
the counties in which the new jury law is of force,—ap-
proved February 17th, 1885.—Sess. Acts, 1884-5, page 181.
In section 9 of that statute is the following provision : "If
any capital case stands for trial during such week, the court
shall organize a panel of thirty-six men, and shall out of
such panel organize two petit juries of twelve men each, and
excuse the other twelve until the day set for such capital
trial. If a sufficient number of those summoned for the
.  .  . petit juries shall not attend when such juries or panel
of thirty-six men are to be organized, the court shall draw
from the jury box a sufficient number of names to complete
such jury, as provided hereafter in section ten." As to the
manner of drawing, section ten provides that the court shall
" cause the box containing the names of jurors to be brought
into the court room, and, after having the same well shaken,
the presiding judge shall then and there publicly draw
therefrom," etc.

The trial of Amos Washington, the defendant in this
cause, was set for Friday, October 29, 1886,—a day of the
second week of that term of the court,—and at the time of
organizing petit juries for that week, a sufficient number of
those summoned did not appear, to organize a panel of
thirty-six petit jurors. The record discloses that the panel
of thirty-six was organized, and twelve of them were excused
from attendance until Friday, the day set for the trial. The
record is silent as to the manner of drawing or selecting the
additional petit jurors, to complete the panel of thirty-six.
It is not shown that any objection or exception was taken
in the trial court, to anything done therein. It is contended
for defendant that the record should show the additional
petit jurors to complete the panel of thirty-six, were drawn
as the statute prescribes.

Our decisions have settled that when in the progress of a
trial for felony, it becomes necessary for the court to make
an order touching the matter of the trial, such order must
appear of record, for in no other way can the judgment of
the court be expressed.—*Billingslea v. The State*, 68 Ala. 486 ;
*Finley v. The State*, 61 Ala. 201 ; *Cross v. The State*, 63 Ala. 40 ;
*Posey v. The State*, 72 Ala. 490. This principle applies to
orders, setting a day for the trial of capital felonies, to
orders for summoning additional jurors, and to other kindred
questions. And when such order is made, it must conform
to the law ; and failing, it will be ground of reversal on
error.

But very many things occur in the trial of such causes, of

which no record need be made ; and yet, they require affirm-
ative action of the court, or of some ministerial officer.
Ascertaining the qualifications of jurors is an example of
this class of judicial questions ; and service of a copy of the
venire and of the indictment on the defendant is an illustra-
tion of ministerial service, of which the silence of the record
raises no presumption of error. If such duty be omitted,
the objection must be shown to have been taken in the court
below. When the record is silent on questions of these
classes, this court presumes the trial court and its officers
did their duty.—*Ben v. The State*, 22 Ala. 9 ; *Paris v. The
State*, 36 Ala. 232 ; *James v. The State*, 53 Ala. 380 ; *Moses v.
The State*, 58 Ala. 117 ; *Blevins v. The State*, 68 Ala. 92 ;
*Phillips v. The State, Ib.* 469 ; *Spicer v. The State*, 69 Ala. 159 ;
*Skelton v. The State*, 72 Ala. 5 ; *Brown v. The State*, 74 Ala. 478.

In the present case the law fixed and defined the duty of
the presiding judge. No order of the court was necessary,
for the service was to be performed by the judge himself.
The service was rather ministerial than judicial. The pre-
sumption, in the absence of a showing to the contrary, is
that he did his duty.

We think the record sufficiently shows the jury were
sworn. — Acts, approved February 17, 1885, Sess. Acts,
1884-85, p. 138.

There is nothing in the other questions presented, and
the judgment of the circuit court must be affirmed.