551 So.2d 421 (1988)
Raymond WATKINS
v.
STATE.
6 Div. 602.
Court of Criminal Appeals of Alabama.
June 14, 1988.
Rehearing Denied August 23, 1988.
Certiorari Denied November 18, 1988.
On Return to Remand April 14, 1989.
Rehearing Denied July 21, 1989.
Certiorari Denied October 27, 1989.
Joe W. Morgan, Jr., Birmingham, for appellant.
Don Siegelman, Atty. Gen., and J. Randall McNeill, Asst. Atty. Gen., for appellee.
Alabama Supreme Court 87-1440.
Alabama Supreme Court 88-1413.
*422 McMILLAN, Judge.
In accordance with the Alabama Supreme Court decision in Ex parte Branch, 526 So.2d 609, modified on rehearing (Ala. 1987), this cause is remanded to the trial court to conduct proceedings consistent with the guidelines adopted in the Branch opinion. The trial court is instructed to file findings of fact and conclusions with this Court within a reasonable time after the entry of this remand.
REMANDED WITH INSTRUCTIONS.
All the Judges concur.

ON RETURN TO REMAND
McMILLAN, Judge.
The appellant was convicted of robbery in the first degree and was sentenced to a term of life imprisonment, pursuant to the Habitual Felony Offender Act.

I
This cause was remanded to the trial court with instructions to conduct proceedings consistent with the guidelines adopted in Ex parte Branch, 526 So.2d 609 (Ala. 1987). A hearing has been held in which the trial court instructed the prosecutor to come forward with reasons for his strikes against black veniremen. He further noted that the defense counsel might wish to point out any white veniremembers who were not struck although they had the same characteristics or circumstances which allegedly led to the prosecutor's reasons for striking any blacks. Following the hearing, the trial court filed his findings of fact with this court, along with a transcribed copy of the original voir dire.
In his findings of facts, the trial judge noted that the prosecutor used three of his seven strikes against black veniremembers. The first was struck because of his appearance; specifically, he wore a shirt which was cut off short and was sleeveless. The State also noted that two white veniremembers were struck because of their appearance. That first black veniremember was also struck because he was familiar with the area where the appellant lived. The second potential black juror was struck because she had previously served on a jury in a robbery case, where the defendant was found not guilty. The last black venire member was struck because he had served on two juries: a criminal case which resulted in a hung jury and a civil case which also resulted in a hung jury. The trial court then examined the reasons given by the prosecutor for his strikes against white venire members, in order to compare them to the reasons given for black strikes. The trial court concluded that they were "subjected to the same type and kind of strikes by both the defendant and State." The trial judge also noted that he knew the prosecutor, who is black, and was certain that he had no history of discriminatory black strikes. Furthermore, the final jury apparently consisted of seven white jurors and five black jurors.
The trial court held that the United States Supreme Court's decision in Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), was fully complied with and there were no discriminatory strikes on the part of the State. The trial judge stated:
"[I]t is clearly apparent that the Branch case requirements were met. The Court further finds that as a fact. Being cognizant of the totality of the circumstances under the Batson case this Court finds that no racial discrimination prompted the State's strikes in this case. The reasons given are neutral, related to the case to be tried, legitimate, and clear, reasonably specific. This Court finds the explanations are bona fide and not sham excuses.
". . . .
"The trial judge has a participating role in the voir dire, noting subtle nuances of verbal and non-verbal communications from each member of the venire and from the lawyers. It is the duty of [the] trial judge to assess the entire milieu of the venire and to compare his observations and assessments with those of the attorneys of both sides. Batson leaves room for hunches, past experiences and conjecture and even guesses, *423 which any lawyer with a scintilla of trial experience has many times used."
We find that "the reasons given by the prosecutor for using his strikes to eliminate these ... people were facially race neutral. The trial judge found them to be credible. No more is required under Batson, and the procedure adopted by the trial court ... comports with the criteria established in Branch." Scales v. State, 539 So.2d 1074 (Ala.1988).
"We appreciate that it is impossible to know what is in the mind of another person, and that it is possible that, in stating his reasons for striking a black member of the venire, a prosecutor may give a reason that is not the true reason, but we are convinced that the trial judges in our system are in a much better position than appellate judges to decide whether the truth has been stated."
Scales v. State, supra.

II
The appellant argues that there was insufficient evidence to support his conviction of robbery and argues specifically that he did not aid, abet, or otherwise assist in the commission of the crime.
The record indicates that, on the night in question, two black males entered a Popeye's Fried Chicken restaurant. An employee testified that shortly thereafter she observed the appellant enter the restaurant, approach the other two males and begin talking with them. The three men walked to the counter and began to harass the cashier and several customers. Because of the harassment, the manager took the appellant's order. When the manager attempted to give the appellant his order, one of the other men jumped over the counter with a gun in his hand. He then took the money from the "drive-through" register and instructed the manager to take him to the safe. He began struggling with the manager and the gun fired. During that time, the appellant had remained at the counter and the other man had moved back to the door. Either the appellant or the man close to the door had instructed the other people present not to move. An employee testified that the appellant might have moved to another door, presumably to guard it. When the gunshots were fired, the manager was struck in the shoulder. A witness, who was seated in his car parked in the restaurant's parking lot, testified that he heard the shots and then observed the appellant and the other men leave the restaurant. He testified that as they passed in front of his car, they did not appear to be in a hurry, but that when they reached the sidewalk, they "took off running." The witness followed them and observed them get into a vehicle. The witness then pulled behind the vehicle the men were driving and wrote down its tag number. The vehicle was registered to one of the men who participated in the robbery.
"In Gwin v. State, 456 So.2d 845, 851 (Ala.Cr.App.1984), we stated:
"`"Aid and abet `comprehend all assistance rendered by acts or words of encouragement or support or presence, actual or constructive, to render assistance should it become necessary.'" Jones v. State, 174 Ala. 53, 57, 57 So.2d 31 (1911), quoted in Radke v. State, 292 Ala. 290, 292, 293 So.2d 314 (1974). If the jury is convinced beyond a reasonable doubt that the defendant was present with a view to render aid should it become necessary, the fact that the defendant is an aider and abettor is established. Jones, supra; Raiford v. State, 59 Ala. 106, 108 (1877). "The culpable participation of the accomplice need not be proved by positive testimony, and indeed rarely is so proved. Fuller v. State, 43 Ala.App. 632, 198 So.2d 625. Rather, the jury must examine the conduct of the parties and the testimony as to the surrounding circumstances to determine its existence." Miller v. State, 405 So.2d 41, 46 (Ala.Cr.App.1981); Watkins v. State, 357 So.2d 156, 159 (Ala.Cr. App.1977), cert. denied, 357 So.2d 161 (1978).' (Emphasis in original.)"
Watkins v. State, 495 So.2d 92, 102 (Ala. Cr.App.1986).
"Such facts as the defendant's presence in connection with his companionship, his *424 conduct at, before, and after the commission of the act, are potent circumstances from which participation may be inferred. Smith [v. State, 57 Ala.App. 151, 326 So.2d 680 (1975), cert. denied, 295 Ala. 419, 326 So.2d 686 (1976) ]." Sanders v. State, 423 So.2d 348, 351 (Ala.Cr.App.1982). Furthermore, "[w]here more than one person participates in a robbery it is immaterial which one takes the property. Gray v. State, 52 Ala.App. 481, 294 So.2d 448 (1974). Nor must the evidence establish that the defendant personally committed violence against the victim or put the victim in fear. Crutcher v. State, 55 Ala.App. 469, 316 So.2d 716 (1975)." Sanders v. State, supra, at 351.
In the present case, there was sufficient evidence presented to the jury from which it could reasonably infer that the appellant aided and abetted in the commission of the robbery. One who aids and abets in the commission of a crime is as guilty as the principal and is punishable in the same way as the principal perpetrator of the crime. Biggs v. State, 331 So.2d 763 (Ala.Cr.App.), cert. denied, 331 So.2d 765 (Ala.1976). Therefore, the appellant's conviction and sentence were proper.
OPINION EXTENDED; AFFIRMED.
All the Judges concur.