ON RETURN TO REMAND
TAYLOR, Judge.
The appellant, Charles Herndon Freeman II was convicted of murder. We remanded this cause so that the trial court could hold a Batson[1] hearing pursuant to the United States Supreme Court’s decision in Powers v. Ohio, — U.S. —, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991). 586 So.2d 1013. The trial court has filed with this court the transcript of the Batson hearing and its written findings as to whether the black potential jurors that were struck from the jury venire were struck for race-neutral reasons. The trial court made the following findings:
Juror number 13 — Struck because he had a prior conviction for public intoxication.
Juror number 7 — Struck because she had a conviction for issuing a worthless check.
Juror number 6 — Struck because he had served on a criminal jury in the past that had found the defendant innocent.
Juror number 22 — Struck because the defense attorney had represented her son in the past.
Juror number 2 — Struck because he had a criminal conviction and is a repeat offender.
Striking a prospective juror because he has a criminal conviction is a valid race-neutral reason. Jackson v. State, 549 So.2d 616 (Ala.Cr.App.1989); Powell v. State, 548 So.2d 590 (Ala.Cr.App.1988), aff’d, 548 So.2d 605 (Ala.1989). “ ‘The fact that a veniremember knew one of the lawyers involved in the case is a valid race-neutral reason for striking that juror.’ ” Yelder v. State, [Ms. 3 Div. 212, October 11, 1991], 1991 WL 238088, *8 (Ala.Cr.App. 1991), citing Strong v. State, 538 So.2d 815, 817 (Ala.Cr.App.1988). There is precedent for the proposition that the fact that a juror has served on a case resulting in a defendant’s verdict of not guilty is a valid race-neutral reason. Watkins v. State, 551 So.2d 421 (Ala.Cr.App.1988).
The trial court’s ruling was not “clearly erroneous.” Gaston v. State, 581 So.2d 548 (Ala.Cr.App.1991). There was no Batson violation in the instant case.
For the foregoing reasons, the judgment in this case is due to be affirmed.
OPINION EXTENDED; AFFIRMED.
All the Judges concur.

. Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).