Darrell Sumlin was convicted for robbery in the first degree and was sentenced to life imprisonment as a habitual felony offender. On this appeal from that conviction, he contends that the prosecutor exercised her peremptory strikes in a racially discriminatory manner in violation of Batson v. Kentucky,476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).
The jury venire included seven black members. One black veniremember was excluded for cause, leaving three black males and three black females on the venire. The prosecutor used three of her peremptory strikes to remove the three black males. The record reveals neither the total number of veniremembers nor the total number of strikes exercised by the prosecutor. The voir dire of the venire is not included in the transcript.
"[S]ince [he] d[id]n't know what a prima facie case is," (R. 16), the trial judge did not rule on whether the appellant had met his burden of proof in that regard. Instead, the trial judge simply required the prosecutor to explain her strikes of the three black males. The prosecutor objected to being required to state her reasons for those strikes, arguing that there had been "no prima facie showing that these were struck for racial reasons." Id. Nevertheless, she gave the following reasons for her strikes:
 Number 178 was a juror in a murder case where the defendant was found not guilty and was a juror in a civil case where the verdict was for the defendants.
Number 176 was single, unemployed, and young.
 Number 278's "appearance [wa]s totally untidy. His shirt [wa]s out, he [wa]s single, he [wa]s wearing an earring, and he just appear[ed] to be totally untidy." R. 17-18.
The trial court rejected the prosecutor's reason for striking Number 178, placed Number 178 back on the jury, and required *Page 1303 
the prosecutor to make another strike. The prosecutor then struck Number 69, a black female, because she was once employed at McRae's department store (the robbery occurred at a McRae's) and because
 "she indicated that she was a floater, and indicated that she had taken several criminal justice courses at various educational institutions [including the University of Alabama at Birmingham (UAB)]. . . . And this strike was exercised in the nature of a little bit of knowledge is a very dangerous thing, in that her time period at McRae's appeared to be such a short period of time, she might influence the jurors and taint them when we get to the point of deliberations about some procedure at McRae's, which is not available through the process.
 "And in addition, the little knowledge that she has in criminal justice from those criminal justice classes might also be used to taint this jury with the little bit of knowledge that she has." R. 2627.
It appears that three blacks actually served as jurors.
The prosecutor's reasons for striking Number 176 (single, unemployed, and young) are highly suspect. See Cox v. State, [Ms. CR 91-497, November 13, 1992], 1992 WL 330721
(Ala.Cr.App. 1992) (Batson violation found and conviction reversed where this same prosecutor explained to this same trial judge that she struck a veniremember because the veniremember was single, young, and a "blue collar worker"). However, the prosecutor's reason for striking Number 178 was clearly race-neutral. Childers v. State, 607 So.2d 350, 352-53
(Ala.Cr.App. 1992); Freeman v. State, 594 So.2d 1300, 1301
(Ala.Cr.App. 1991); Watkins v. State, 551 So.2d 421, 422
(Ala.Cr.App. 1988). Thus, the trial judge accepted a reason that was highly suspect, but refused to accept a perfectly valid explanation, and he returned to the jury the veniremember for whom the valid explanation had been offered instead of the veniremember for whom the suspect explanation had been offered. The explanations advanced by the prosecutor for her strikes of Number 278 and Number 69 were facially race-neutral. SeeMitchell v. State, 579 So.2d 45, 46-47 (Ala.Cr.App. 1991) (strike of veniremember who wore earring upheld), cert. denied,596 So.2d 954 (Ala. 1992); Hernandez v. State, 808 S.W.2d 536,544 (Tex.App. 1991) ("questionable appearance" of veniremember, "who had worn only a T-shirt to court," "went to his viability as a juror"). Cf. Durham v. State, 185 Ga. App. 163,363 S.E.2d 607, 610 (1987) (strike of veniremember who had minors in psychology and theology upheld). The ultimate result here is that the State proffered three race-neutral reasons for striking black veniremembers and it was permitted to strike three black veniremembers.
Considering all the circumstances of this case, as well as the fact that the Batson issue was not specifically raised in the appellant's motion for new trial, we find no violation ofBatson or Ex parte Branch, 526 So.2d 609 (Ala. 1987). See Bui v.State, [Ms. 1911509, November 13, 1992], 1992 WL 328989
(Ala. 1992); Huntley v. State, [Ms. 1910530, September 18, 1992], 1992 WL 228152 (Ala. 1992); Harrell v. State,571 So.2d 1270, 1271 (Ala. 1990), cert. denied, ___ U.S. ___,111 S.Ct. 1641, 113 L.Ed.2d 736 (1991).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.