The appellant, Joey Holland, appeals his conviction for unlawful distribution of a controlled substance, a violation of § 13A-12-211, Code of Alabama 1975. He was sentenced to 7 years' imprisonment and ordered to pay $2,000 to the crime victims compensation fund.
The appellant argues that a reversal is mandated in this case because the record *Page 108 
does not contain the oath administered to the prospective jurors before their voir dire examination.
In Tarver v. State, 500 So.2d 1232, 1241-42
(Ala.Cr.App. 1986), this Court stated:
 "While there is no statutory or constitutional requirement that an oath be administered to prospective jurors before their voir dire examination, such should be done and has been the practice of the courts in Alabama. See generally 50 C.J.S. Juries § 276. An oath should be administered to prospective jurors prior to voir dire examination so that any answers given by these jurors will be under such oath. State v. Tharp, 42 Wn.2d 494, 256 P.2d 482 (1953); Duffy v. State, 567 S.W.2d 197 (Tex.Crim.App. 1978), cert. denied, 439 U.S. 991, 99 S.Ct. 593, 58 L.Ed.2d 666 (1978).
 "Although we are unable to find an Alabama case which deals with the administration of an oath to prospective jurors before voir dire examination, there are numerous cases concerning the administration of the oath to petit juries as required by § 12-16-170, Code of Alabama, 1975. These cases indicate that a presumption cannot be made from a silent record that the jury was sworn. Whitehurst v. State, 51 Ala. App. 613, 288 So.2d 152, cert. denied, 292 Ala. 758, 288 So.2d 160
(1973). There must be some affirmative showing in the record that the oath to the jury was administered. Gardner v. State, 48 Ala. 263 (1872); Lacey v. State, 58 Ala. 385 (1877). A minute entry is deemed to be a sufficient showing that the oath was administered. Whitehurst, supra; Murphy v. State, 403 So.2d 314 (Ala.Crim.App.), cert. denied, 403 So.2d 316 (1981).
 "There is no reason that the principles set out above should not be applicable to the oath to be administered to the prospective jurors before voir dire examination."
(Footnote omitted.)
See also cases cited in the annotations following Code ofAlabama 1975, § 12-16-6, § 12-16-170, and § 12-16-173.
The record in this case is silent as to whether the prospective jurors had been sworn before voir dire examination. Therefore, pursuant to Rule 10(g), Ala.R.App.P., andTarver, supra, we remand this cause to the trial court with instructions that the trial court conduct an evidentiary hearing and determine whether the jury was placed under oath. In the event that the trial court determines that the oath was administered to the jury, the trial court shall make a written finding of fact, which shall be forwarded, along with a transcript of the hearing, to this Court within 42 days from the date of this opinion. If, however, the trial court determines that the oath was not administered, or if the trial court cannot determine whether the oath was administered, the trial court is directed to set aside the appellant's conviction and to grant the appellant a new trial or other relief consistent with this opinion. If the trial court issue an order setting aside the conviction and granting other relief, that order shall be forwarded to this court within 42 days of the date of this opinion.
REMANDED WITH INSTRUCTIONS.
All judges concur.