The appellant, Darrell Sumlin, was convicted of robbery in the first degree and was sentenced to life imprisonment. We affirmed his conviction on February 12, 1993. Sumlin v. State,615 So.2d 1301 (Ala.Cr.App. 1993). The appellant filed a Rule 32 petition on May 18, 1994, which apparently was summarily denied. On August 14, 1997, he filed another Rule 32 petition attacking his conviction. Specifically, he alleged that he had been illegally arrested because the arrest warrant was issued without probable cause. He also alleged that the trial court did not have subject matter jurisdiction to hear the case because the court did not administer an oath to prospective jurors before voir dire began. The State moved to dismiss the petition because it was untimely and because the issues raised therein were procedurally barred. The trial court summarily denied the petition, citing Rule 32.2(a)(2), (4), and (5) and Rule 32.2(c), Ala. R.Crim. P. This appeal followed.
 I
The appellant first argues that the trial court did not obtain jurisdiction over him because he was illegally arrested pursuant to an arrest warrant he argues was issued without probable cause. Although he couches this argument in jurisdictional terms, it is actually a nonjurisdictional challenge to the validity of the arrest warrant. Therefore, the claim is procedurally barred because it could have been, but was not, raised at trial or on appeal. Rule 32.2(a)(3), (5), Ala. R.Crim. P.; Whitehead v. State, 593 So.2d 126
(Ala.Cr.App. 1991). Furthermore, because the claim is not a jurisdictional claim and because the petition was filed more than two years after this court issued its certificate of judgment, it is also procedurally barred by the limitations period of Rule 32.2(c), Ala. R.Crim. P.
 II
The appellant also asserts that the trial court did not have subject matter jurisdiction to hear the case because the court did not administer an oath to prospective jurors before voir dire began. Again, although the appellant couches his argument in jurisdictional terms, this is actually a nonjurisdictional claim that is procedurally barred because it could have been, but was not, raised at trial or on appeal. Rule 32.2(a)(3) and (5), Ala. R.Crim. P. And, because this claim is not jurisdictional, it too is procedurally barred by the two-year limitations period of Rule 32.2(c), Ala. R.Crim. P.
 III
The appellant finally contends that he was entitled to an evidentiary hearing on his petition. Pursuant to Rule 32.7(d), Ala. R.Crim. P., a trial court may summarily deny a petition that it determines is precluded. Although the trial court specifically found that the petition was precluded by the provisions *Page 943 
of Rule 32.2(a)(2), (4), and (5), the record does not indicate that either issue was raised or addressed at trial, on appeal, or in any previous collateral proceeding. However, as set forth above, the appellant is not entitled to relief on the issues based on the provisions of Rule 32.2(a)(3) and (5) and Rule 32.2(c), Ala. R.Crim. P. " '[W]here the judgment of the circuit court denying a petition for post-conviction relief is correct for any reason, it will be affirmed by this Court, even if the circuit court stated an incorrect reason for its denial.' "Long v. State, 675 So.2d 532, 533 (Ala.Cr.App. 1996) (quotingSwicegood v. State, 646 So.2d 159, 160 (Ala.Cr.App. 1994)). Thus, because the issues he raised were procedurally barred, the appellant was not entitled to an evidentiary hearing on his petition.
Based on the foregoing, the trial court's judgment dismissing the appellant's Rule 32 petition is affirmed.
AFFIRMED.
All judges concur.