Jerry Jerome Bryant appeals from the circuit court's summary dismissal of his Rule 32, Ala.R.Crim.P. petition.[1] The petition challenged two January 10, 1995, convictions for robbery in the first degree. The convictions were affirmed on direct appeal.Bryant v. State, 682 So.2d 524 (Ala.Cr.App. 1995) (Table). The certificate of judgment was issued on December 19, 1995.
On August 27, 1997, the circuit court appointed Blake Green, an attorney, "to investigate [the] allegations of Rule 32 petition." C.R. 15. On October 1, 1997, the circuit court granted Bryant's pro se motion to amend his petition, that motion stated additional grounds challenging his conviction. With the exception of his motion to withdraw from representing Bryant, Green filed nothing on the record on Bryant's behalf.
The record does not contain a response to Bryant's petition by the State. However, on October 9, 1997, the State submitted the following response to the amended motion: "Comes now the State of Alabama and in response to the Amended Petition filed herein states that a transcript of the trial complained of should be dispositive of the allegations raised." C.R. 25. On October 10, 1997, the circuit court dismissed the petition stating: "Rule 32 petition dismissed." C.R. 26. The State's answer disputed none of the claims presented by Bryant. "`"When the State does not respond to a petitioner's allegations, the unrefuted statement of facts must be taken as true."'" Crenshaw v. State,703 So.2d 1009 (Ala.Cr.App. 1997) (quoting Bates v. State,620 So.2d 745, 746 (Ala.Cr.App. 1992), quoting, in turn, Smith v.State, 581 So.2d 1283, 1284 (Ala.Cr.App. 1991)).
On appeal Bryant contends that he presented claims that the State does not dispute, and which, if true, entitle him to relief. Bryant asserted in his petition that his trial counsel was ineffective for failing to challenge his failure to receive a competency hearing after the trial court specifically ordered that his competency to stand trial be evaluated. He argues that on August 31, 1994, the trial court ordered that he be subjected to out-patient evaluation at Taylor Hardin Secure Medical Facility to determine his mental competency to stand trial. "Exhibit A" to his petition is a copy of that order, signed by Judge Michael Crespi. C.R. 23. Bryant correctly argues, as the order shows, that the circuit court ordered that the criminal proceedings against him be discontinued until such time as the court received the evaluation from the Alabama Department of Mental Health and Retardation. Bryant alleges that the court violated its own order and proceeded to trial before he was evaluated. This, according to Bryant, prejudiced his defense and adversely effected the outcome of the trial. He contends that trial counsel was ineffective for not objecting to the commencement of the trial before he received his mental evaluation.
In addition to the above ground, the petition requests relief on the following additional grounds: 1) that he failed to receive the due process to which he is entitled because he did not receive the court-ordered mental evaluation; 2) that the trial court's jury instructions were vague and confusing; 3) that the circuit court was without jurisdiction to convict him and to impose sentence because, he says, the jury venire was not sworn prior to voir dire; 4) that he failed to appeal within the prescribed time and that that *Page 1140 
failure was without fault on his part; 5) that trial counsel was ineffective for failing to object to the prosecutor's leading the witnesses; 6) that trial counsel was ineffective for failing to object to the jurors' not being sworn; and 7) that appellate counsel was ineffective for not raising issues now presented on direct appeal.
There is no merit to ground 3 (lack of jurisdiction); failure to administer an oath to the jury venire before voir dire examination is nonjurisdictional and waivable. Sumlin v. State,710 So.2d 941 (Ala.Cr.App. 1998). The remaining grounds enumerated above, except ineffective assistance of appellate counsel, are precluded from review because Bryant has not met his burden of "pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief." Rule 32.3, Ala.R. Crim.P. These grounds are not "clear and specific" and are not supported by the "full disclosure of the factual basis of those grounds" required by Rule 32.6,(b), Ala.R.Crim.P. The grounds are nothing more than "bare allegation that a constitutional right has been violated and mere conclusions of law shall," which are insufficient to warrant further proceedings. Rule 32.6(b), Ala.R.Crim.P. Therefore, the grounds enumerated above alleging ineffective assistance of trial counsel have failed to meet the two-pronged test of Strickland v. Washington, 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (to prove ineffective assistance, a party must show 1) that counsel's performance was deficient and 2) that deficiency prejudiced the defendant).
Moreover, because Bryant was convicted before the Alabama Supreme Court overruled Ex parte Jackson, 598 So.2d 895 (Ala. 1992), with Ex parte Ingram, 675 So.2d 863 (Ala. 1996),[2] newly appointed appellate counsel[3] should have moved to suspend the time for filing a new trial motion in order to review the trial transcript and to present all appealable claims, including ineffective assistance of trial counsel, on direct appeal. Apparently, this was not done in the present case. Therefore, all issues except the ineffective assistance of appellate counsel are waived because they were not presented on direct appeal. Whether Bryant is entitled to relief from his conviction depends on whether appellate counsel was ineffective. Whether appellate counsel was ineffective depends on whether Bryant proves that appellate counsel failed to present an issue on direct appeal that would have entitled him to relief. He has failed to present sufficient information to show that appellate counsel failed to present an appealable issue — with one exception.
If Bryant was entitled to a mental evaluation as he alleges, and if trial counsel allowed his trial to proceed without one, we must, absent a response from the State, presume, as Bryant contends, trial counsel's performance in this regard was deficient and that Bryant was prejudiced because of the deficiency. Therefore, Bryant is entitled to an evidentiary hearing on this ground, pursuant to 32.9, Ala.R.Crim.P. "When a petition contains matters which, if true, would entitle the petitioner to relief, an evidentiary hearing must be held."Smith v. State, 581 So.2d 1283, 1284 (Ala.Cr.App. 1991), citingEx parte Boatwright, 471 So.2d 1257, 1258 (Ala. 1985). However, Rule 32.9(a) provides that the circuit court has the discretion to "take evidence by affidavits, written interrogatories, or depositions, in lieu of an evidentiary hearing."
This case is remanded to the circuit court for an evidentiary hearing pursuant to Rule 32.9 to address the appellant's claim of ineffective assistance of counsel. The trial court is directed to "make specific findings of fact relating to each material issue of fact presented," as required by Rule 32.9(d), Ala.R.Crim.P. Due return *Page 1141 
should be filed in this court no later than 56 days from the date of this opinion and shall include the trial court's written statement of the court's findings and the transcript or affidavits, if any, from the proceeding.
REMANDED WITH DIRECTIONS.*
All the Judges concur.
[1] Nothing in the record reflects the date the petition was filed. The petition does reflect that it was mailed on August 26, 1997. On August 27, 1997, the circuit court, in the apparent belief that Bryant was indigent, appointed an attorney to investigate Bryant's claims.
[2] February 23, 1996.
[3] New counsel was appointed to represent Bryant on appeal. C.R. 29.
* Note from the reporter of decisions: On December 18, 1998, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On March 26, 1999, that court denied rehearing, without opinion. On June 25, 1999, the Supreme Court denied certiorari review, without opinion (1981089).