Sherman Lee Mitchell appeals from the circuit court's summary denial of his second Rule 32, Ala.R.Crim.P., petition for postconviction relief. The petition challenged his February 17, 1994, conviction for theft of property in the first degree and the resulting sentence of life in prison. Mitchell pleaded guilty to the offense. No direct appeal was taken. This petition was filed on December 21, 1999.
The issues raised in both his petition and on appeal are as follows:
 1. Whether the trial court had jurisdiction to amend the indictment, which originally charged robbery in the first *Page 313 
degree, to charge theft of property in the first degree.
 2. Whether the trial court had jurisdiction to sentence him to a sentence that he says exceeded the maximum allowed by law.
 3. Whether the trial court had jurisdiction to render judgment and to impose sentence if the petitioner had never been arraigned.
After receipt of the State's motion to dismiss, the circuit court held that "having taken judicial knowledge of this Court's own records, this Court finds that the Petitioner's current Rule 32 petition argues the same or similar allegations as Petitioner's Rule 32 filed on July 27, 1998. As such, the current Rule 32 Petition is deemed successive." C.R. 27.
The circuit court correctly held that, as to the first issue, Mitchell's petition was successive. Regarding the first issue we held as follows in Mitchell's appeal from the denial of his first petition:
 "The appellant argues that, not only was he not indicted for first-degree theft of property, but under the facts of his case, he says, first-degree theft of property cannot be deemed a lesser included offense of first-degree robbery. . . .
". . . .
 "The indictment charged that the appellant used force or threats of force to overcome the physical resistance of the victim, with the intent to take the property. Under these facts, the elements of first-degree theft of property could be established because the appellant took the property from the person of the victim. Therefore, the trial court had jurisdiction to accept the appellant's guilty plea and the appellant has failed to raise any jurisdictional issue. His claims are precluded from our review by the two-year statute of limitations, and the trial court's summary denial of the appellant's petition is due to be affirmed."
Mitchell v. State, 767 So.2d 420 (Ala.Crim.App. 1999) (table).[1] Thus, the first issue was addressed on the merits in Mitchell's first petition. Rule 32.2(b), Ala.R.Crim.P., prohibits a second or successive petition requesting relief on the same or similar grounds that had been disposed of on the merits in a prior petition. See Blount v. State, 572 So.2d 498
(Ala.Crim.App. 1990).
Although Mitchell couches his third issue as a jurisdictional challenge, it is not.[2] Mitchell's claim that the trial court was without jurisdiction to render judgment and to impose sentence because he was never arraigned is a claim that is waived if it is not preserved at trial. "Even arraignment and plea can be waived by a defendant's failure to object to the lack thereof until after the jury has returned a verdict." Smith v. State,507 So.2d 579, 580 (Ala.Crim.App. 1987). Nonjurisdictional issues can be waived; jurisdictional issues cannot. See Lancaster v. State, 638 So.2d 1370, 1374 (Ala.Crim.App. 1993) (Bowen, P.J., dissenting). Therefore, this issue is not a jurisdictional issue. Thus, the claim is procedurally barred under Rules 32.2(a)(3) and (5), Ala.R.Crim.P., because it could have been, but was not, raised at trial or on direct appeal.
The record suggests that the claim raised by Mitchell's second issue — that the trial court did not have jurisdiction to impose a sentence that exceeded the maximum allowed by law — has merit. Mitchell pleaded guilty to theft of property in the first degree and was sentenced to life in prison. Theft of property in the first degree is a Class B felony, carrying a sentence range of "not more than 20 years or less than 2 years." § 13A-5-6(a)(2), Ala. *Page 314 
Code, 1975. Nothing in the record suggests that this claim was raised or addressed in his first petition or that Mitchell was sentenced as a habitual felony offender.[3]
This court is unable to ascertain from the record whether Mitchell has been properly sentenced. Mitchell's sentence could be proper if the Habitual Felony Offender Act was applied at sentencing. Accordingly, we must remand this cause to the trial court, with directions for the trial court to state whether the Habitual Felony Offender Act was applied at Mitchell's sentencing. If the same judge presided over both the trial on the merits and the instant Rule 32 proceedings, the circuit court may dispose of the claim by issuing written findings of fact based on the trial judge's personal recollection. If this is not possible, the trial court should take whatever steps necessary, as contemplated in Rule 32.9, Ala.R.Crim.P., to make such a determination. If the trial court finds that the Habitual Felony Offender Act was applied at Mitchell's sentencing, the court should state specifically on what evidence it is basing this determination. If, however, the trial court finds that the act was not applied at Mitchell's sentencing, the court should set aside Mitchell's life sentence and resentence Mitchell within the range of punishment authorized for a Class B felony where no prior felony convictions are used for enhancement. A return should be filed with this court within 49 days after the release of this opinion. The return shall include the written findings and a transcript of any proceedings in the circuit court.
For the reasons set for above, this case is remanded with instructions.
REMANDED WITH INSTRUCTIONS.*
Long, P.J., and McMillan, Baschab, and Fry, JJ., concur.
* Note from the reporter of decisions: On August 18, 2000, om return to remand, the Court of Criminal Appeals affirmed, without opinion.
[1] The Court of Criminal Appeals can take judicial notice of its own records. Ex parte Salter, 520 So.2d 213, 216
(Ala.Crim.App. 1987).
[2] Jurisdictional claims are "not precluded by the limitations period or by the rule against successive petitions." Jones v. State, 724 So.2d 75, 76 (Ala.Crim.App. 1998).
[3] We do not agree with the State's argument on appeal that this court should take judicial notice of Mitchell v. State,546 So.2d 404 (Ala.Crim.App. 1989) (table) — an appeal from a conviction unrelated to the conviction underlying the instant Rule 32 petition — as proof that Mitchell has a prior felony conviction that could have been used to enhance Mitchell's sentence. Prior convictions must be proven in the circuit court.