On October 17, 1996, Archie Earl Hamlett was convicted of trafficking in cannabis. On June 24, 1998, Hamlett filed a petition pursuant to Rule 32, Ala.R.Crim.P., which the trial court denied on June 29, 1998, without a hearing. Hamlett subsequently filed an amended petition and a motion to vacate the June 29, 1998, judgment. On July 8, 1998, the circuit court granted the motion to vacate the judgment, treating it as a motion to amend the petition, but denied the appellant's amended petition. The Court of Criminal Appeals, on April 30, 1999, affirmed, by an unpublished memorandum. Hamlett v. State (No. CR-97-2275) 768 So.2d 1021
(Ala.Crim.App. 1999) (table). We granted Hamlett's petition for certiorari review.
Hamlett argues that his conviction is due to be set aside because, he says, the venire from which his jury was selected was not properly sworn and his trial counsel was ineffective because he failed to properly preserve that error for review.
Hamlett contends that even though the petit jury was properly sworn, he is entitled to have his conviction set aside because the venire was not properly sworn before the voir dire examination began. Hamlett relies onHolland v. State, 668 So.2d 107 (Ala. Crim App. 1995), to support his contention that failure to properly swear the jury venire is reversible error. In Holland, the defendant argued that his conviction should be reversed because "the record [did] not contain the oath administered to the prospective jurors before their voir dire examination." Id. at 107-08. The court stated that while there is no statutory requirement that veniremembers *Page 500 
be sworn, "`[a]n oath should be administered to prospective jurors prior to voir dire examination so that any answers given by these jurors will be under such oath.'" Id. at 108, quoting Tarver v. State, 500 So.2d 1232,1241 (Ala.Crim.App. 1986) (citing State v. Tharp, 42 Wn.2d 494,256 P.2d 482 (1953), and Duffy v. State, 567 S.W.2d 197 (Tex.Crim.App.), cert. denied, 439 U.S. 991 (1978)). The court noted that there was no reason why the principles governing the administration of an oath to the petit jurors should not also govern the administration of an oath to the venire. Id. Therefore, the court remanded Holland's case for an inquiry into whether the venire had been properly sworn.
Rule 12.1(c), Ala.R.Crim.P., also supports Hamlett's argument. Rule 12.1(c) provides:
 "(c) Qualifying the Venire. On the opening day of the term, or on such other day as the venire shall have been summoned to appear, the judge presiding shall proceed to organize the court, by:
". . . .
 "(2) Administering or causing to be administered to the jurors the following oath as required by law;
 "`Do you and each of you solemnly swear or affirm that you will well and truly answer all questions propounded to you touching your general qualifications as a juror, or qualifications as a grand juror or petit juror, and that you will well and truly try all issues and execute all writs of inquiry submitted to you and true verdicts render according to the law and evidence, so help you God?'"
The Court of Criminal Appeals stated in its unpublished memorandum:
 "The appellant asserts that his trial counsel was ineffective for failing to object to the trial court's failure to swear in the jury venire before voir dire examination. However, the record indicates that the trial court stated in the record to the petit jury, `I'll administer an oath as to this particular case'; moreover, the judge who had denied the appellant's petitions and had presided over his trial, in the order denying the appellant's original petition, stated that the trial transcript shows that the petit jury as well as the jury venire were `asked the qualifying questions.' Because the record indicates that the jury venire was properly sworn, the appellant's allegations of ineffectiveness of trial and appellate counsel relating to this issue are without merit."
It is uncertain from this statement from the unpublished memorandum whether the venire was sworn before the jury was selected. The statement appears to refer to the trial judge's administering the oath to the petit jury, not to his administering an oath to the venire. The finding of the Court of Criminal Appeals that the members of the jury venire were "asked the qualifying questions" is insufficient to show that the venire was given the oath as required by Rule 12.1(c), Ala.R.Crim.P.
We are aware that some circuit judges administer the oath to the entire venire, in a location outside the courtroom, before selected members of the venire enter the courtroom for the jury-selection process. The trial judge may have done that in Hamlett's case; if he did, then the trial transcript would not reflect that the venire had been sworn. Both Hamlett and the State acknowledge that the record is silent as to whether the venire was given the oath required by Rule 12.1(c).
Therefore, we do not reach Hamlett's claim of ineffective assistance of counsel. We remand this case for the Court of *Page 501 
Criminal Appeals to remand for the trial court to make such findings as are necessary to determine whether the venire was properly sworn. The trial court should make a timely return to the Court of Criminal Appeals.
REMANDED.
Hooper, C.J., and Houston, See, Lyons, Brown, Johnstone, and England, JJ., concur.
NOTICE: This opinion is subject to formal revision before are requestedto notify the Reporter of Decisions, Alabama