819 So.2d 84 (2001)
Earnest Ray NIX
v.
STATE.
CR-00-0443.
Court of Criminal Appeals of Alabama.
March 30, 2001.
*85 Ernest Ray Nix, pro se.
Bill Pryor, atty. gen., and James B. Prude, asst. atty. gen., for appellee.
WISE, Judge.
The appellant, Earnest Ray Nix, appeals from the circuit court's denial of his Rule 32, Ala.R.Crim.P., petition, in which he attacked his 1998 convictions for trafficking in cocaine and the unlawful distribution of cocaine. We affirmed Nix's convictions on direct appeal. Nix v. State, 747 So.2d 351 (Ala.Crim.App.1999).
Nix alleged in his Rule 32 petition (1) that his conviction was obtained by action of a grand or petit jury that, he says, was unconstitutionally selected and impaneled; and (2) that he was denied the effective assistance of trial and appellate counsel. Nix subsequently amended his Rule 32 petition to add an additional claim that the sentence imposed exceeded the maximum allowed by law. This claim was based on Nix's assertion that the amendment to § 13A-5-9, Ala.Code 1975, effective May 25, 2000, should be applied retroactively. The state filed an answer and a motion to dismiss Nix's petition. The trial court summarily denied the petition. This appeal followed.
Nix may properly raise an issue of ineffectiveness of trial counsel in a Rule 32 petition. Ex parte Ingram, 675 So.2d 863, 866 (Ala.1996). To prevail on a claim of ineffective assistance of counsel, a petitioner must show (1) that his counsel's performance was deficient, and (2) that he was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Ex parte Lawley, 512 So.2d 1370, 1372 (Ala.1987).
Nix argues that his conviction should be set aside because, he says, the venire from which his jury was selected was not properly sworn, and his trial counsel was ineffective in failing to object to the court's failure to swear the venire and thus to properly preserve that error for review, and his appellate counsel was ineffective in failing to allege trial counsel's ineffectiveness in this regard.
In Ex parte Hamlett, 815 So.2d 499 (Ala.2000), the defendant was convicted in 1996 of trafficking in cannabis, and in 1998 he filed a Rule 32, Ala.R.Crim.P., petition for postconviction relief. In his petition, Hamlett argued that his conviction was due to be set aside because, he said, the venire from which his jury was selected had not been properly sworn; he further argued that his trial counsel was ineffective because he failed to properly preserve that error for appellate review. The circuit court denied Hamlett's petition, and this Court affirmed that denial, without an opinion. Hamlett v. State (No. CR-97-2275), 768 So.2d 1021 (Ala.Crim.App.1999) (table). Hamlett petitioned for certiorari *86 review. The Supreme Court remanded Hamlett's case, holding that Holland v. State, 668 So.2d 107, 108 (Ala.Crim.App. 1995), and Rule 12.1(c), Ala.R.Crim.P., required that the case be remanded so that the circuit court could determine whether the jury venire had been sworn before voir dire began:
"It is uncertain from this statement from the unpublished memorandum whether the venire was sworn before the jury was selected. The statement appears to refer to the trial judge's administering the oath to the petit jury, not to his administering the oath to the venire. The finding of the Court of Criminal Appeals that the members of the jury venire were `asked the qualifying questions' is insufficient to show that the venire was given the oath as required by Rule 12.1(c), Ala.R.Crim.P.
"We are aware that some circuit judges administer the oath to the entire venire, in a location outside the courtroom, before selected members of the venire enter the courtroom for the jury-selection process. The trial judge may have done that in Hamlett's case; if he did, then the trial transcript would not reflect that the venire had been sworn. Both Hamlett and the State acknowledge that the record is silent as to whether the venire was given the oath required by Rule 12.1(c)."
815 So.2d at 500.
This Court has previously held that a claim that the trial court failed to administer the oath to the prospective jurors prior to voir dire is a nonjurisdictional claim, and, therefore, subject to waiver if no objection was made at trial. See, e.g., Bryant v. State, 739 So.2d 1138, 1140 (Ala. Crim.App.1998); Sumlin v. State, 710 So.2d 941, 942 (Ala.Crim.App.1998). The Alabama Supreme Court has likewise held that where the record is silent as to the swearing of the jury venire, it is presumed that the venire was sworn. See Washington v. State, 81 Ala. 35, 38, 1 So. 18, 20 (1887). Nevertheless, the decision in Hamlett suggests that such a claim is jurisdictional, and, thus, that it cannot be waived. See Mitchell v. State, 777 So.2d 312, 313 (Ala.Crim.App.2000) ("Nonjurisdictional issues can be waived; jurisdictional issues cannot.").
On application for rehearing in Hamlett, Justice Houston, joined by Justice Lyons and Justice Brown, dissented from overruling the application for rehearing, stating:
"This Court had previously held in Washington v. State, 81 Ala. 35, 1 So. 18 (1887), that where the record is silent as to the swearing of the jury venire, it is presumed that the venire was sworn. If we are to extend the [Ex parte] Deramus [721 So.2d 242, 244 (Ala.1998)] holding to the jury venire, we should overrule Washington. I refuse to do so, because the failure to swear the jury venire is the kind of judicial error the defendant must object to in the trial court to preserve it for appellate review. 81 Ala. at 38, 1 So. at 20.
"Nothing before us shows that Hamlett objected to the failure to swear the jury venire, if, in fact, the venire was not sworn. Certainly, this is not the kind of issue that can be raised on an appeal from a denial of a motion made pursuant to Rule 32, Ala.R.Crim.P., in the context of a claim of ineffective assistance of appellate counsel, where the record is silent.
"I would not overrule Washington. I would affirm the judgment of the Court of Criminal Appeals affirming the judgment of the trial court in the present case, and I would overrule or distinguish these cases of the Court of Criminal Appeals: Holland v. State, 668 So.2d *87 107 (Ala.Crim.App.1995), and Tarver v. State, 500 So.2d 1232, 1241 (Ala.Crim. App.1986)."
815 So.2d at 501.
Because this Court is bound by the decisions of the Alabama Supreme Court, § 12-3-16, Ala.Code 1975, and "is without authority to overrule the decisions of that court," Jones v. City of Huntsville, 288 Ala. 242, 244, 259 So.2d 288, 290 (1972), we are required to follow the holding of the majority in Hamlett; therefore, we must remand this case to the circuit court to make such findings as are necessary to determine whether the venire was properly sworn. However, we would urge the Supreme Court to revisit its holding in Hamlett, in order to resolve this conflict in the law.
Based on Ex parte Hamlett, we remand this case to the circuit court with instructions that it make such findings as are necessary to determine whether the jury venire was properly sworn. The circuit court should take the necessary action to ensure that the circuit clerk makes due return to this court at the earliest possible time within 42 days from the date of this opinion. We pretermit discussion of Nix's remaining claims.
REMANDED WITH DIRECTIONS.[*]
McMILLAN, P.J., and COBB and BASCHAB, JJ., concur.
SHAW, J., concurs specially, with opinion.
SHAW, Judge, concurring specially.
I concur based on Ex parte Hamlett, 815 So.2d 499 (Ala.2000). See my special concurrence in another case released today, Harris v. State, 805 So.2d 777 (Ala.Crim. App.2001).
NOTES
[*] Note from the reporter of decisions: On May 25, 2001, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On June 22, 2001, that court denied rehearing, without opinion. On October 5, 2001, the Supreme Court denied certiorari review, without opinion (1001764).