COBB, Judge.
Joe Albert Harris was convicted of sodomy in the first degree, a violation of § 13A-6-63, Ala.Code 1975. Harris was sentenced to five years’ imprisonment and three years’ supervised probation. He was also ordered to pay $1,632 in restitution, $50 to the victim’s compensation fund, and court costs. Harris raises six issues on appeal. Because our resolution of one issue requires that we remand with directions, we address only that issue.
Harris argues that the trial court erred in failing to administer an oath to the jury venire before the voir dire examination and again before trial. The clerk’s record reveals that the jury was sworn before the trial began. In an order dated June 29, 2000, the trial judge stated that the jury was “duly impaneled, sworn and charged by the Court.”
However, the record is silent regarding the swearing of the venire. Harris did not raise this objection at trial. The Alabama Supreme Court in Ex parte Hamlett, [Ms. 1981689, May 26, 2000] — So.2d -, -(Ala.2000), in a situation where trial counsel failed to object to the failure to administer the oath to the venire, remanded the cause for the trial court to make the findings necessary to determine whether the venire had been properly sworn. With regard to this issue, the facts in Ex parte Hamlett are identical to the facts in the present case. The Alabama Supreme Court stated in Ex parte Hamlett:
“We are aware that some circuit judges administer the oath to the entire venire, in a location outside the courtroom, before selected members of the venire enter the courtroom for the jury-selection process. The trial judge may have done that in Hamlett’s case; if he did, then the trial transcript would not *778 reflect that the venire had been sworn. Both Hamlett and the State acknowledge that the record is silent as to whether the venire was given the oath required by Rule 12.1(c).
“Therefore, we do not reach Hamlett’s claim of ineffective assistance of counsel. We remand this case for the Court of Criminal Appeals to remand for the trial court to make such findings as are necessary to determine whether the venire was properly sworn. The trial court should make a timely return to the Court of Criminal Appeals.”
— So.2d at-.
Therefore, we remand this case to the circuit court for that court to make the findings necessary to determine whether the venire was given the oath required by Rule 12.1(c), Ala.R.Crim.P. We pretermit discussion of the other issues Harris raises until the trial court responds to our remand order. The trial court shall ensure that the circuit clerk makes due return to this Court within 14 days of the release of this opinion.
REMANDED WITH DIRECTIONS *
McMILLAN, P.J., and WISE, J., concur; BASCHAB and SHAW, JJ., concur specially.

 Note from the reporter of decisions: On June 22, 2001, on return to remand, the Court of Criminal Appeals affirmed, without opinion.