BASCHAB, Judge.
The appellant, Willie Edward Lewis, was convicted of first-degree robbery and first-degree burglary. On March 13, 1998, the trial court sentenced him, as a habitual offender, to imprisonment for life without the possibility of parole. See § 13A-5-9(c)(3), Ala.Code 1975. We affirmed his convictions in an unpublished memorandum and issued a certificate of judgment on September 29, 1998. See Lewis v. State, (CR-97-1173) 741 So.2d 487 (Ala.Crim.App.1998) (table). On September 8, 2000, the appellant filed a petition for post-conviction relief pursuant to Rule 32, Ala. R.Crim. P., challenging his convictions. After the State responded, the circuit court summarily dismissed his petition. This appeal followed.
The appellant argues that the trial court did not have jurisdiction to render a judgment and impose a sentence in his case because the venire from which his jury was selected was not properly sworn. He also contends that his trial counsel rendered ineffective assistance because she did not object on this ground at trial and that his appellate counsel rendered ineffective assistance because he did not raise this issue on direct appeal. Based on the Alabama Supreme Court’s decision in Ex parte Hamlett, 815 So.2d 499 (Ala.2000), we are compelled to remand this case to the circuit court with instructions that that court make specific, written findings of fact as to whether the venire was properly sworn.[1] The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 42 days after the release of this opinion. The return to remand shall include the circuit court’s written findings of fact and a transcript of the remand proceedings, if any, conducted by the circuit court.[2]
REMANDED WITH INSTRUCTIONS.
McMILLAN, p.j., and COBB, SHAW, and WISE, JJ., concur.

. For the reasons set forth in Nix v. State, 819 So.2d 84 (Ala.Crim.App.2001), we again urge the Alabama Supreme Court to revisit its decision in Ex parte Hamlett.

. Because of our disposition of this issue, we pretermit discussion of the other issues the appellant raises at this time.