WISE, Judge.
The appellant, Robert Guylon Mitchell, appeals from the circuit court’s denial of his petition for postconviction relief filed pursuant to Rule 32, Ala.R.Crim.P., in which he attacked his 1998 convictions for attempted murder and felony possession of a firearm. This Court affirmed Mitchell’s .conviction on direct appeal, by unpublished memorandum. See Mitchell v. State, 767 So.2d 420 (Ala.Crim.App.1999) (table). Mitchell petitioned the Alabama Supreme Court for a writ of certiorari. The court denied his petition; this Court issued a certificate of judgment on November 24, 1999.
On January 26, 2000, Mitchell filed a Rule 32 petition, alleging (1) that the trial court lacked jurisdiction because, he says, his arrest was illegal; (2) that the trial court lacked jurisdiction to try him because, he says, it did not administer an oath to prospective jurors before voir dire; (3) that the trial court erred by not administering an oath to the grand jurors before deliberations; (4) that his conviction is due to be reversed because, he says, the indictment was fatally flawed in that the grand jury was not sworn; and (5) that he was denied the effective assistance of counsel because, he says, his counsel failed to challenge the validity of the affidavit used to obtain the arrest warrant and did not challenge the alleged failure to administer an oath to the grand jurors or the prospective jurors.
On January 25, 2001, the State filed a response and a motion for summary disposition of Mitchell’s Rule 32 petition. On February 14, 2001, the circuit court entered an order summarily dismissing Mitchell’s petition. Mitchell appealed.
*866 Mitchell first argues that the circuit court did not obtain jurisdiction over him because, he says, his arrest was illegal. He argues that the arrest warrant was issued without probable cause. Although the appellant couches this argument in jurisdictional terms, it is actually a nonjurisdictional challenge and is, therefore, procedurally barred because it could have been, but was not, raised at trial or on direct appeal. See Sumlin v. State, 710 So.2d 941, 942 (Ala.Crim.App.1998); Rule 32.2(a)(3), (5), Ala.R.Crim.P.
The appellant also asserts that the circuit court erred by not administering an oath to the grand jurors before deliberations, thereby, he says, making the indictment invalid and rendering the circuit court devoid of jurisdiction. Again, although the appellant couches his argument in jurisdictional terms, this is actually a nonjurisdictional claim; it is procedurally barred because it could have been, but was not, raised at trial or on direct appeal. Rule 32.2(a)(3), (5), Ala.R.Crim.P.
The appellant further contends that the circuit court lacked jurisdiction to render judgment because, he says, the venire from which the jury was selected was not properly sworn. He also contends that his trial counsel was ineffective because he failed to object to the court’s failure to swear the venire and his appellate counsel was similarly ineffective because he did not raise this issue on direct appeal.
“This Court has previously held that a claim that the trial court failed to administer the oath' to the prospective jurors prior to voir dire is a nonjurisdictional claim, and, therefore, subject to waiver if no objection was made at trial. See, e.g., Bryant v. State, 739 So.2d 1138, 1140 (Ala.Crim.App.1998); Sumlin v. State, 710 So.2d 941, 942 (Ala.Crim.App.1998). The Alabama Supreme Court has likewise held that where the record is silent as to the swearing of the jury venire, it is presumed that the venire was sworn. See Washington v. State, 81 Ala. 35, 38, 1 So. 18, 20 (1887).”
Nix v. State, 819 So.2d 84, 86 (Ala.Crim.App.2001). However, the Alabama Supreme Court’s decision in Ex parte Hamlett, 815 So.2d 499 (Ala.2000), suggests that this claim is jurisdictional, and, thus, that it cannot be waived.
“Because this Court is bound by the decisions of the Alabama Supreme Court, § 12-3-16, Ala.Code 1975, and ‘is without authority to overrule the decisions of that court,’ Jones v. City of Huntsville, 288 Ala. 242, 244, 259 So.2d 288, 290 (1972), we are required to follow the holding of the majority in Ham-lett; therefore, we must remand this case to the circuit court to make such findings as are necessary to determine whether the venire was sworn.”
Nix, 819 So.2d at 87. Based on Ex parte Hamlett, we remand this case to the circuit court with instructions that it make such findings as are necessary to determine whether the venire was properly sworn. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time within 42 days from the release of this opinion.
REMANDED WITH DIRECTIONS.
McMILLAN, p.j., and COBB, BASCHAB, and SHAW, JJ, concur.