On Return to Remand
On February 29, 2000, the appellant, Albert James Evans, was convicted of two counts of attempted murder. On March 10, 2000, the trial court sentenced him, as a habitual offender, to imprisonment for life without the possibility of parole on each conviction. See § 13A-5-9(c)(3), Ala. Code 1975. We affirmed his convictions in an unpublished memorandum and issued a certificate of judgment on October 13, 2000. See Evans v.State, (No. CR-99-1199, August 4, 2000) 814 So.2d 1016 (Ala.Crim.App.) (table), cert. denied, (No. 1992192, October 13, 2000) 807 So.2d 618
(Ala. 2000) (table). On May 22, 2001, the appellant filed a Rule 32 petition, challenging his convictions, and he subsequently amended the petition. Without requiring a response from the State, the circuit court summarily denied the petition and the amendment, and the appellant appealed that denial to this court. On October 26, 2001, we remanded this case to the circuit court with instructions that that court make specific, written findings of fact concerning all of the appellant's ineffective-assistance-of-counsel claims and his juror misconduct claim.See Evans v. State, 842 So.2d 22 (Ala.Crim.App. 2001). *Page 24 
On remand, the circuit court made findings of fact concerning some of the appellant's ineffective-assistance-of-counsel claims. However, it did not make specific, written findings of fact regarding the appellant's claim that his trial counsel rendered ineffective assistance because he did not object on the ground that the prospective jurors were not properly sworn before voir dire examination. This claim may be meritorious. See Ex parte Hamlett, 815 So.2d 499 (Ala. 2000). Therefore, we again remand this case to the circuit court with instructions that that court make specific, written findings of fact as to whether the prospective jurors were properly sworn before voir dire examination. On remand, the circuit court may require the State to respond to the merits of the appellant's contention and/or may conduct an evidentiary hearing. On remand, the circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 35 days after the release of this opinion. The return to remand shall include the circuit court's written findings of fact and, if applicable, the State's response and a transcript of the evidentiary hearing.
REMANDED WITH INSTRUCTIONS.*
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.
* Note from the reporter of decisions: On April 19, 2002, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On May 10, 2002, that Court denied rehearing, without opinion. On August 16, 2002, the Supreme Court denied certiorari review, without opinion (1011593).